IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAMES NOTTINGHAM,                              No. 6:21-cv-01420-HZ

                 Plaintiff,                     OPINION & ORDER

     v.

PATRICK ALLEN,

                 Defendant.

Mark G. Passannante
Broer & Passannante, P.S.
8904 NE Hazel Dell Ave.
Vancouver, WA 98665

       Attorney for Plaintiff

Jill Schneider
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201

       Attorney for Defendant

HERNÁNDEZ, District Judge:

Plaintiff James Nottingham brings this action against Defendant Patrick Allen, Director of the Oregon Health Authority. Plaintiff alleges that Defendant violated his substantive due process rights under the Fourteenth Amendment by allowing him to remain in a county jail for several months after a court questioned his competency to assist in his criminal defense. Defendant moves for summary judgment on all claims against him. ECF 65. Although the Court sua sponte extended Plaintiff's time to respond, Plaintiff has not filed a response in opposition to Defendant's motion. For the following reasons, the Court grants in part and denies in part Defendant's Motion for Summary Judgment.

## BACKGROUND

### I.    Applicable Oregon Law

Under Oregon statute, "[w]hen the court has reason to doubt the defendant's fitness to proceed by reason of incapacity" because of a qualifying mental disorder, the court may:

> (A) Order that a psychiatric or psychological examination of the defendant be conducted by a certified evaluator and a report of the examination be prepared; or
> (B) Order the defendant be committed for the purpose of an examination to a state mental hospital or other facility designated by the Oregon Health Authority[.]

Or. Rev. Stat. § ("O.R.S.") 161.365(1)(a). The statute also provides that "[a] defendant committed under subsection (1)(a)(B) of this section shall be transported to the state mental hospital or other facility for the examination." O.R.S. 161.365(2). Orders for competency evaluation under this section are commonly called ".365 orders." *See State v. Zamora-Skaar*, 308 Or. App. 337, 340, 480 P.3d 1034, 1037 (2020).

O.R.S. 161.370 provides that "if the court determines that the defendant lacks fitness to proceed, the proceeding against the defendant shall be suspended[.]" O.R.S. 161.370(2)(a). Unless the court determines that community restoration services are appropriate and available in

the community and if the court finds the defendant requires hospital level of care, "the court shall commit the defendant to the custody of the superintendent of a state mental hospital or director of a facility designated by the Oregon Health Authority." O.R.S. 161.370(3)(a). The Oregon State Hospital ("OSH") is the only "state mental hospital" designated for this purpose by the Oregon Health Authority ("OHA"). Orders for suspension of proceedings and mental health restoration treatment under this statute are commonly called ".370 orders." *See Zamora-Skaar,* 308 Or. App. at 338.

I.     *Mink* Litigation and Injunction

In 2002, several nonprofit organizations sued state officials for violating mentally incapacitated defendants' Fourteenth Amendment rights to due process for failing to timely admit, evaluate, and treat them. *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1105 (9th Cir. 2003). On May 15, 2002, Judge Panner ordered that defendants declared unable to proceed pursuant to a .370 order must be admitted to a state mental hospital "in a reasonably timely manner, and completed not later than seven days" after a .370 order issues ("the *Mink* injunction"). *Oregon Advoc. Ctr. v. Mink*, No. CV 02-339-PA, 2002 WL 35578888, at *1 (D. Or. May 15, 2002), *aff'd,* 322 F.3d 1101 (9th Cir. 2003). No current timeline exists under Oregon or federal law for admission to OSH for evaluation of pretrial detainee's competence after a court has issued a .365 order.

On May 12, 2020, the district court ordered a temporary modification to the injunction that relaxed the 7-day timeline in response to the COVID-19 pandemic. *Or. Advoc. Ctr. v. Mink*, 3:02-cv-00339-MO, 2020 WL 2465331, at *1 (D. Or. May 13, 2020). Although that modification was vacated and remanded, *Oregon Advoc. Ctr. v. Allen*, No. 20-35540, 2021 WL 3615556 (9th Cir. Aug. 16, 2021), the district court entered a modification of the temporary

modification requiring OSH, under court supervision, to work towards returning to the 7-day admission timeline as required by the permanent injunction. *Oregon Advoc. Ctr. v. Mink*, 3:02-cv-00339-MO, ECF 226.

## II.    Factual History

On July 8, 2021, Plaintiff was arrested in Lincoln County, Oregon for reckless driving. Second Amended Complaint ("SAC") ¶ 3, ECF 60.[1] On July 19, 2021, a Lincoln County Circuit Court judge ordered a competency evaluation to determine whether Plaintiff had adequate mental fitness to aid and assist in his criminal defense. *Id.* ¶ 4. Plaintiff was evaluated by a state-certified evaluator in the Lincoln County Jail on July 23, 2021. *Id.* ¶ 5. On September 27, 2021, the Lincoln County Circuit Court found Plaintiff unable to assist in his own defense, suspending court proceedings under O.R.S. 161.370(2). *Id.* ¶ 6. On September 27, 2021, the Lincoln County Circuit Court ordered Plaintiff committed to the Oregon State Hospital ("OSH") for the time necessary for a court-certified evaluator to complete an examination. *Id.* ¶ 7.

On January 7, 2022, the Lincoln County Circuit Court entered an Order for Community Health Consultation (O.R.S. 161.365)" ordering that "the community mental health program (CMHP) consult with Defendant and with any local entity responsible for providing community restoration services to determine whether appropriate community restoration services are present and available in the community." Schneider Decl. Ex. A, ECF 67-1. On January 14, 2022, the court entered an O.R.S. 161.370 order finding Plaintiff unfit to proceed. *Id.* Ex. B, ECF 67-2. That order committed Plaintiff to the custody of Defendant and ordered Plaintiff transported to OSH. Schneider Decl. in Supp. of Def. Reply to Pl. Response to Mot. to Dismiss, Ex. 1, ECF 34.

---

[1] The portions of Plaintiff's Second Amended Complaint cited within this opinion are admitted by Defendant in his answer, ECF 61, and are therefore undisputed.

Plaintiff was not admitted to OSH within the 7-day timeline mandated in the *Mink* Injunction. As of January 27, 2022, he was number 79 on OSH's admission list, with "no projected date for admission" but OSH staff acknowledged "it could be about 3-4 weeks out." [2] Schneider Decl. Ex. C, ECF 67-3. Plaintiff was ultimately transferred to OSH sometime between March 1, 2022 and March 7, 2022. Answer to SAC ¶ 4, ECF 61; SAC ¶10. The Lincoln County Circuit Court docket reflects that the court received a psychological report from OSH on May 25, 2022. Schneider Decl. Ex. B, ECF 67-2. Plaintiff's criminal defense attorney notified the court the next day that Plaintiff did not contest the OSH findings.[3] *Id*. Ex. E, ECF 67-5. Plaintiff was arraigned on July 29, 2022, and ordered conditionally released to reside at the Pretrial Services House. *Id*. Ex. F, ECF 67-6. A Pretrial Services Specialist told Lincoln County Circuit Court that on September 21, 2022, Plaintiff informed him that he had left the Pretrial Services House and would not be returning. *Id*. Ex. H, ECF 67-8. The court revoked Plaintiff's release on September 22, 2022, and ultimately issued a bench warrant on September 26, 2022, when Plaintiff failed to appear as ordered. *Id*. Ex. B, ECF 67-2. That bench warrant appears to remain in place as of the date of the court docket included as an exhibit in support of Defendant's motion. *Id*.

Plaintiff's Second Amended Complaint—the operative complaint at the time of this motion—alleges that OSH's delay in accepting custody violates a permanent injunction entered in *Zamora-Skaar*, 308 Or. App. 337, and violates his Fourteenth Amendment right to due

---

[2] Confusingly, the record also reflects that Plaintiff was number 87 on the waiting list as of February 1, 2022. Wehr Decl. ¶ 20, ECF 66. It is unclear to the Court whether Plaintiff was moved down the waiting list between January 27, 2022 and February 1, 2022, or whether the waiting lists referenced in these two documents represent different measures (*i.e.*, only .370 commitments versus all commitments).

[3] It is unclear from the record what these findings were, though it appears as of March 6, 2023 Plaintiff notified the trial court that he does intend to contest the finding of the OSH evaluation. Schneider Decl. Ex. B, ECF 67-2.

process. SAC ¶¶ 12-17. Plaintiff seeks a declaration consistent with *Zamora-Skaar* "that OSH is required to admit persons found in need of evaluative services within a reasonable time not to exceed 7 days of an order requiring such evaluation by OSH." SAC ¶ 19. Plaintiff also seeks compensatory noneconomic damages of $400,000 for suffering "punitive conditions and lack of access to evaluative and restorative services at a time when he was in need of treatment." *Id*. ¶ 20.

## STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108,

1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law. The Ninth Circuit has affirmed that summary judgment should not be granted "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Thus, even if the motion is unopposed, the district court must evaluate the evidence presented to determine whether the movant is entitled to judgment as a matter of law. *See, e.g.*, *Clarendon Am. Ins. Co. v. Jai Thai Enterprises, LLC*, 625 F. Supp. 2d 1099, 1103, 1108 (W.D. Wash. 2009) (denying the plaintiff's unopposed motion for summary judgment based on insufficient evidence showing that the plaintiff was entitled to judgment as a matter of law).

## DISCUSSION

Defendant moves for summary judgment against Plaintiff's claims for declaratory relief and compensatory damages. Defendant argues that he is entitled to summary judgment against the declaratory judgment claim because Plaintiff lacks standing. He also argues that he is entitled to summary judgment on Plaintiff's "contempt claim" for compensatory damages because the *Zamora-Skaar* injunction cited in the complaint does not exist and Defendant is in compliance

with the injunction that does apply—the *Mink* Injunction. The Court addresses each argument in turn.

## I.    Declaratory Relief

Plaintiff seeks a declaration that "consistent, with the injunction entered for .370 orders, that OSH is required to admit persons found in need of evaluative services within a reasonable time not to exceed 7 days of an order requiring such evaluation by OSH." SAC ¶ 19. In other words, Plaintiff seeks a declaration imposing a timeline on admission from the date of .365 orders similar to the *Mink* Injunction applicable to .370 orders. Defendant argues that he is entitled to summary judgment because Plaintiff lacks standing. In particular, he argues (1) that Plaintiff seeks what is already in existence in the form of the *Mink* injunction; and (2) the case does not present a justiciable case or controversy because Plaintiff cannot establish a realistic threat the alleged violation will be repeated. Because the Court agrees with Defendant on the second point, it does not reach the first.

Defendant argues that Plaintiff lacks standing because Plaintiff cannot show a threat of future injury. Article III of the Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing is determined at the time the complaint is filed. *Davis v. Fed. Election Comm'n,* 554 U.S. 724, 734 (2008). As of the date Plaintiff filed this suit, September 27, 2021, he had not been admitted to OSH despite the issuance of a .370 order. Accordingly, he had standing at the time he filed the complaint.

However, "it is not enough that the requisite interest exist at the outset…To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of

review, not merely at the time the complaint is filed." *Id.* at 732-33. Rather than standing, mootness is the relevant inquiry when a case or controversy ceases to exist after a plaintiff files a case. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (Claims are moot and therefore outside the jurisdiction of federal courts when, at any point during the proceedings, there is no longer a case or controversy). In the declaratory relief context, a case or controversy only exists when "the challenged government activity ... is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (internal citation and alteration omitted). A declaratory relief claim is therefore moot when a plaintiff "do[es] not face a continuous, remediable harm that concretely affects their existing interests." *Feldman v. Bomar*, 518 F.3d 637, 643 (9th Cir. 2008) (internal quotations and citation omitted).

Here, the uncontroverted record confirms that Plaintiff's claim for prospective declaratory relief is moot. Plaintiff has already been admitted and discharged from OSH pursuant to the trial court's January 7, 2022 .365 order and subsequent January 14, 2022 .370 order. OSH has already issued a psychological report to the trial court. There are no facts in the record to suggest that Plaintiff is likely to be subject to a future .365 and subsequent .370 order.[4] Accordingly, there is no justiciable controversy for which to seek the prospective relief of a

---

[4] While the Court denied Defendant's motion to dismiss based on a mootness argument, it did so because Defendant failed provide specific reasons he believed that Plaintiff's declaratory relief claim was moot. ECF 59. In contrast, Defendant has done so here, providing an uncontroverted record in support of his argument that there is no realistic threat of future harm. Accordingly, the record compels a different conclusion here than the Court reached on Defendant's previous motion to dismiss.

declaratory judgment. Defendant is therefore entitled to summary judgment against Plaintiff's
declaratory relief claim.

## II.    Compensatory Damages

Defendant presents two arguments that he is entitled to summary judgment against
Plaintiff's compensatory damages claim, both of which presume that Plaintiff's claim is one for
contempt. Starting with that premise, Defendant focuses on the issues of (1) what is the
injunction at issue for purposes of Plaintiff's supposed "contempt claim," and (2) Defendant's
alleged compliance with the *Mink* Injunction. But Plaintiff's compensatory damages claim does
not appear to be a claim for contempt reliant on Defendant's violation of an injunction.
Plaintiff's claim for compensatory damages is as follows:

> Defendants delay in admitting plaintiff for evaluative services
> resulted in plaintiff being confined in a county jail not equipped to
> provide evaluative services under ORS 161.365 or restorative
> services and later delay in admitting plaintiff after entry of the
> January 14, 2022 order requiring his admission has caused plaintiff
> to suffer from the punitive conditions and lack of access to
> evaluative and restorative services at a time when he was in need
> of treatment. As a result, defendant is entitled to compensatory
> noneconomic damages in the amount of $400,000.00 or such other
> amount to be determined at trial.

SAC ¶ 20. Plaintiff specifically cites 42 U.S.C. § 1983 ("Section 1983") as the basis for his
claim, alleging "Defendant's delay in admitting plaintiff for evaluation under .365 and
subsequent delay in admitting plaintiff after entry of the .370 order violated plaintiff's
constitutional right to due process under the 14th Amendment, enforceable by statute under 42
U.SC. Sec. 1983." *Id*. ¶ 18.

To prove a claim under Section 1983, a plaintiff must establish both (1) the deprivation of
a right secured by the United States Constitution or statutory law, and (2) that a person acting
under color of state law committed the deprivation. *Anderson v. Warner*, 451 F.3d 1063, 1067

(9th Cir. 2006). Defendant's motion does not address these elements or explain how there is no genuine issue that the undisputed facts in the record amount to a failure of that claim. If Defendant's motion is premised on the idea that Plaintiff's Section 1983 claim is a contempt claim in disguise, or that the *Mink* Injunction precludes Section 1983 claims by plaintiffs not directly involved in the *Mink* litigation, Defendant has provided no authority or argument in support of such assertions.

There is no factual dispute in the record that Plaintiff waited more than 45 days between the trial court's issuance of .370 order and his admission to OSH. Defendant provides an uncontroverted record of OSH's attempts to admit persons committed to his care under O.R.S. 161.365 in a timely fashion as part of its attempts to comply with the *Mink* injunction. *See* Wehr Decl., ECF 66. But in order to be entitled to summary judgment, a moving party that does not bear the burden of persuasion at trial may carry its summary judgment burden by either "produc[ing] evidence negating an essential element of the nonmoving party's case…show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim" *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Defendant's motion and the factual record before the Court does neither. Without such support, Defendant has failed to carry his burden on summary judgment as it relates to Plaintiff's claim for compensatory damages. Defendant is therefore not entitled to summary judgment against Plaintiff's compensatory damages claim.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment [65]. Specifically, the Court grants summary judgment for Defendant on Plaintiff's

declaratory relief claim but denies summary judgment for Defendant on Plaintiff's compensatory damages claim.

IT IS SO ORDERED.

DATED:___October 30, 2023_____.

MARCO A. HERNANDEZ
United States District Judge